## BEDFORD–CARTHAGE STONE CORPORATION v. MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS.

### No. 887.

Court of Civil Appeals of Texas. Waco.
Feb. 20, 1930.
Rehearing Denied March 20, 1930.

Elmer Graham, of Houston, and Jos. W. Hale, of Waco, for appellant.

Spell, Naman & Penland, of Waco, for appellee.

BARCUS, J.

Appellant instituted this suit against appellee to restrain the sale of a car of freight for freight and demurrage charges. Appellee answered by cross-action, seeking to recover judgment for the freight and demurrage claimed. The cause was tried to the court and resulted in judgment being entered in favor of appellee on its cross action.

The controlling issue to be determined is the classification of the car of freight and the rate which appellee was authorized to charge for its transportation. Appellant's contention is that the rate should be 56½ cents on the hundred pounds and appellee contends that 90 cents is the correct rate. It appears that appellant was operating a stone quarry near Barstow, Tex., and that it closed down said quarry and shipped all of its machinery, being three carloads, to Leuders, Tex., via appellee's line of railway. The freight on two

of the cars, based on the 90 cent rate, was paid after some delay, together with the demurrage thereon. The three cars of freight left Barstow on May 8, and arrived at Leuders on May 18, 1928. The car in question contained 31,140 pounds of freight and was billed as secondhand stone quarry machinery. It was an intrastate shipment. The railroad commission of Texas has fixed a rate on "contractor's or construction camp outfits" as class C, which rate, if applied to the shipment in controversy, would be 61 cents. The rate for the shipment of derricks and cranes is fixed as class A and carries a rate of 90 cents. The real issue, therefore, to be determined in this case was as to whether the shipment of freight in controversy comes under the head of "contractor's or construction camp outfits," or under the head of derricks.

The trial court in its findings of fact found that the car of freight in controversy consisted of a carload of quarry equipment and machinery, which weighed 31,140 pounds, of which approximately 30,000 pounds consisted of a derrick; that the rest of the shipment consisted of a wheelbarrow, a small plow, a scraper, and some iron pipes; that the machinery had been used by appellant in its quarry at Barstow and was being shipped to Leuders, Tex., to be used by appellant in its quarry business; that the derrick was a stationary derrick, used for lifting stones and heavy objects around the quarry; that said shipment of freight was correctly rated as class A and carried a rate of 90 cents per hundred pounds; that appellant failed to pay the freight charges, giving as its sole reason therefor until the 14th of November, 1928, that it was without funds to pay same, when for the first time it claimed that the rate was too high and claimed at said time that the rate that should be charged was 56½ cents per hundred pounds. The court further found that appellant was not a bona fide contractor, within the contemplation of the tariff rate made applicable to "contractor's or construction camp outfits," but that it was in the stone quarry business, and further found that the shipment of freight involved in this controversy did not contain any portion of a bona fide "contractor's or construction camp outfit." Based upon said findings the court held as a matter of law that appellant could not claim the benefit of class C tariff rate, but was required to pay the class A tariff rate of 90 cents on the hundred pounds.

By its first proposition appellant contends that the trial court should have applied the class C rate of 61 cents, instead of the 90 cent rate. By its second proposition it contends that the nature of the freight, rather than the purpose for which it was used, would determine the tariff rate that it would carry. By its third and last proposition appellant complains of the finding of the trial court that the car of freight in question weighed 31,140 pounds, of which approximately 30,000 pounds consisted of a derrick, and contends that said finding was not supported by the evidence. Each of the three propositions urged by appellant depends primarily upon the facts proved. We have carefully read the statement of facts, and, without quoting the testimony of the respective witnesses, we think the evidence supports the trial court's findings. The president of appellant, Mr. Braught, testified that "the particular car under investigation here had a contractor's derrick in knocked-down form in it." Mr. Godfrey testified that he estimated the derrick would weigh around 30,000 pounds; that the weight of the car of freight was 31,140 pounds. There is other testimony to practically the same effect. We overrule appellant's propositions.

The judgment of the trial court is affirmed.